IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

IN RE:                                    §
                                          §
MARTIN GARCIA and                         §        No. 5:15-CV-092-RP
JUDY STENGEL,                             §
                                          §
            DEBTORS                       §
                                          §
_____
MARY K. VIEGELAHN,                        §
                                          §
            APPELLANT                     §
                                          §
V.                                        §
                                          §
MARTIN GARCIA and                         §
JUDY STENGEL,                             §
                                          §
            APPELLEES                     §

## MEMORANDUM AND ORDER

On September 4, 2012, Martin Garcia and Judy Stengel (the "Debtors") filed a voluntary

petition for relief under Chapter 13 of the United States Bankruptcy Code in the United States

Bankruptcy Court for the Western District of Texas, San Antonio Division (the "Bankruptcy Court").

On December 18, 2014, the Bankruptcy Court denied the Amended Motion for Redemption of the

Estate's Interest in Best Landscapes, LLC filed by Mary K. Viegelahn, the Standing Chapter 13

Trustee (the "Trustee"), and granted Debtors' Motion to Dismiss, dismissing the bankruptcy

proceeding.  This is an appeal of such Orders by the Trustee.

Before the Court are the Brief of Appellant, filed March 11, 2015 (Clerk's Dkt. #3); the Brief

of Appellee, filed April 9, 2015 (Clerk's Dkt. #4); and Reply Brief of Appellant, filed April 22, 2015

(Clerk's Dkt. #5).  Having carefully considered the briefs and responses, the record and applicable

law, the Court concludes that the bankruptcy court's rulings and final judgment should be affirmed

for the following reasons.

**FACTUAL BACKGROUND**

Best Landscapes LLC (the "LLC") is a Texas limited liability company co-owned equally by Debtor Martin Garcia and his business partner, Laurie D. Casias ("Casias").  The Debtors' bankruptcy petition (the "Petition") included this interest on "Schedule B-Personal Property" with a listed value of $0.00.

The Trustee objected to the Bankruptcy Court's confirmation of Debtors' bankruptcy plan (the "Plan") for various reasons, including the valuation of Debtors' interest in the LLC.  Following an evidentiary hearing, the Bankruptcy Court overruled the Trustee's objection and found the Debtors' interest in the LLC to be $0.00.  By Order dated June 5, 2014, the Bankruptcy Court confirmed the Plan.

On October 20, 2014, Debtors filed a motion seeking leave to sell their 50% interest in the LLC (the "Debtors' LLC Interest") for $44,625.00 to Casias, and to retain the entire amount of the proceeds.  The Trustee objected to Debtors' Motion to Sell, arguing the proceeds of any such sale were a nonexempt asset of the estate and should be for the benefit of creditors.  Following oral argument, the Bankruptcy Court granted Debtors' Motion to Sell, but ruled the proceeds should be turned over to the Trustee as a nonexempt asset.

Soon thereafter, Debtors withdrew their Motion to Sell.  The Trustee filed a Motion for Redemption of the Estate's Interest in Best Landscapes, LLC, which motion was amended on December 4, 2014 (the "Motion for Redemption"), seeking to redeem the Debtors' LLC Interest by effecting the proposed sale to Casias under the same terms.

Ruling the Trustee lacked the authority to force redemption of the Debtors' LLC Interest, the Bankruptcy Court denied the Motion for Redemption on December 16, 2014.

The Debtors' filed a Motion to Dismiss Chapter 13 Proceeding pursuant to 11 U.S.C. § 1307(b) (the "Motion to Dismiss") on December 12, 2014.  In response,  on December 16, 2014,

the Trustee filed Objections to Debtors' Motion to Voluntarily Dismiss and a Motion to Modify Confirmed Chapter 13 Plan pursuant to 11 U.S.C. Sec. 1329(a)(1) or, in the Alternative, Convert Case to Chapter 7 (the "Motion to Modify").  On that date, the Bankruptcy Court granted the Motion to Dismiss, dismissing the proceedings and rendering moot the Motion to Modify.

The Trustee asserts on appeal that the Bankruptcy Court erred in denying the Motion for Redemption and in granting the Motion to Dismiss.

## STANDARD OF REVIEW

The Bankruptcy Court's findings of fact are reviewed for clear error and its conclusions of law de novo.  *Century Indem. Co. v. NGC Settlement Trust (In re Nat'l Gypsum Co.)*, 208 F.3d 498, 504 (5th Cir. 2000); *In the Matter of Coston*, 987 F.2d 1096, 1099 (5th Cir. 1992).  "Mixed questions of law and fact, and questions concerning the application of law to the facts, are reviewed de novo." *Bass v. Denny (In re Bass)*, 171 F.3d 1016, 1021 (5th Cir. 1999).

## ANALYSIS

### Amended Motion for Redemption

Finding the Trustee did not have the authority to force the sale of the Debtors' LLC Interest to Casias, the Bankruptcy Court denied the Motion for Redemption.  The Trustee contends this ruling constituted reversible error because the Trustee does, in fact, have the authority to redeem the Debtors' LLC Interest.

Section 1303 of the Bankruptcy Code provides to a Chapter 13 debtor certain rights and powers "exclusive of the Trustee."  11 U.S.C. § 1303.  Included in such exclusive rights and powers is the authority to use, sell or lease property of the estate.  11 U.S.C. § 363(b).  Therefore, under the express language of the statute, it is the debtor in a Chapter 13 bankruptcy proceeding and not the trustee who can effect a sale of the estate assets.

Ruling on the Motion for Redemption from the bench, the Bankruptcy Court stated the

following:

> And, so, the question really before the Court is whether or not, either by statute or operation of the LLC agreement, the Court can allow the Trustee to sell this asset for the benefit of creditors. I asked you all to give me a few days to think about this. I went through and I read a lot of "Collier's," which is not binding on this Court but is authoritative. I looked at [11 U.S.C. §] 1302, I looked at [11 U.S.C. §] 1303, I looked at [11 U.S.C. §] 1304. I looked at the binding effect of an order confirming a plan under [11 U.S.C. §] 1327. I considered the extent of Section 1306, and how this would affect the Court's consideration. I looked at the plan to see whether or not the trustee reserved to herself the ability to administer a nonexempt asset. After looking at all that, notwithstanding the creative and thorough arguments of the trustee, I'm still of the very strong opinion that the trustee does not have the statutory authority to do this, and I'm going to deny the motion."

(ROA #26, p. 13, line 13-16).

The Trustee concedes there is nothing in the statute that affirmatively confers upon a standing Chapter 13 trustee the power to sell an estate asset, but contends the statute does not prohibit the exercise of such power by the Trustee either. The Trustee further argues that, when viewed in the context of the overall structure of Chapter 13, the statute does in fact give the Trustee the right to liquidate nonexempt assets.

The Trustee has not presented, and this Court is unaware of, a single case or legal authority supporting the contention that a Chapter 13 trustee has the authority to sell an estate asset, much less force the sale of an estate asset against the wishes of the debtor. Despite the Trustee's creative arguments, this Court finds no support, either in the Bankruptcy Code itself or the applicable case law, for the proposition a standing Chapter 13 trustee has the power to force such a sale.

The Trustee urges the Court to construe 11 U.S.C. § 1304(b) as allowing a bankruptcy court to authorize the sale of an estate asset by a Chapter 13 trustee. Section 1304(b) states "[u]nless the court orders otherwise, a debtor engaged in business may operate the business of the debtor . . . ." 11 U.S.C. § 1304(b). It is the Trustee's contention that the Bankruptcy Court should have "ordered otherwise," and allowed the Trustee to effectuate the sale.

The sole legal precedent cited by the Trustee as support for such contention, *In re Clark*, 91 B.R. 324 (Bankr. E.D. Okla. 2010), addresses a court's authority "to determine and punish contemptuous acts of a debtor in the effort to enforce compliance with [the court's] orders." *In re Clark*, 91 B.R. at 332.  The debtor in *Clark* was a landlord who had refused to comply with the court's orders regarding the condition of his rental property.  The court found it had the "power to impose civil contempt penalties, including limited monetary sanctions, upon the Debtor in order to compensate the victims of the Debtor's conduct and to implement the Order of this Court." *Id*.

Although *In re Clark* supports the proposition that a bankruptcy court may, in certain circumstances, place limitations on the right of a Chapter 13 debtor to operate a business, it in no way speaks to the assertion that a Chapter 13 trustee has the power to force the sale of an estate asset.  The fact the asset in question is the debtor's interest in a business does not change the analysis.

To the extent the Trustee relies on the LLC's operating agreement (the "Operating Agreement") as authority for forcing the sale of Debtors' LLC Interest, the Court finds such reliance misplaced.  Section 8.02 of the Operating Agreement, under the heading *Death, Resignation or Incapacity of Member*, provides as follows:

> If a Member dies, retires, resigns, or becomes bankrupt or legally incapacitated, the liquidator, personal representative, trustee, or receiver of such Member's estate shall have all the rights of a Member for the purpose of settling of [sic] managing such Member's estate and such power as the Member possessed to assign all or any part of such Member's interest and to join with such assignee in satisfying the conditions precedent to such assignee becoming a substituted Member.

(ROA #18, Ex. A, § 8.02).

The Trustee contends this provision somehow allows a trustee to step into the shoes of a debtor member and effect the sale of the member's interest.  However, there is nothing in this provision or elsewhere in the Operating Agreement that gives a member, much less a trustee acting in the member's stead, the right to force the sale of a membership interest.  Moreover, the

Trustee has presented no legal authority to support the contention that a provision such as this affords a trustee powers to which such trustee is not entitled under the statute or otherwise trumps the Bankruptcy Code.

Having reviewed the arguments of counsel, the applicable case law and the entire record on appeal, this Court is of the opinion the Bankruptcy Court was correct in its determination that the Trustee did not have the authority to force the sale of the Debtors' LLC Interest against the Debtors' wishes.  Accordingly, the Court finds the Bankruptcy Court's denial of the Motion for Redemption did not constitute reversible error.

### Motion to Dismiss

The Debtors moved to voluntarily dismiss the bankruptcy proceeding pursuant to 11 U.S.C. § 1307(b).  In response, in addition to objecting to the Motion to Dismiss, the Trustee filed the Motion to Modify seeking modification of the Plan in accordance with the increased value of the Debtor's LLC Interest or, in the alternative, conversion of the case to a Chapter 7 bankruptcy proceeding pursuant to 11 U.S.C. § 1307(c).  Referencing the general rule that a Chapter 13 debtor's right to voluntarily dismiss a bankruptcy proceeding is absolute, the Bankruptcy Court granted the Motion to Dismiss, and thus mooted the Trustee's Motion to Modify.  The Trustee asserts on appeal this constituted reversible error because the right to dismiss is not absolute where the Chapter 13 debtor acted in bad faith.

Under Section 1307(b), if a Chapter 13 bankruptcy proceeding has not already been converted to a proceeding under a different chapter of the United States Bankruptcy Code, "[o]n request of the debtor at any time . . . the court shall dismiss a case under this chapter."  11 U.S.C. § 1307(b).  Any waiver of the right to dismiss under § 1307(b) is unenforceable.  *Id*.

There is disagreement between the federal courts as to whether the right of a Chapter 13 debtor under § 1307(b) to dismiss the bankruptcy proceeding at any time is absolute.  *See*

*Jacobsen v. Moser (In re Jacobsen)*, 609 F.3d 647 (5th Cir. 2010)(discussion of split between federal circuit courts).

Expressly addressing the issue in *In re Jacobsen*, the Fifth Circuit Court of Appeals acknowledged the general rule that a Chapter 13 debtor's right to dismiss is absolute, but carved out a very narrow exception where: (1) the request for dismissal is in direct response to a pending motion to convert the case to a Chapter 7 bankruptcy proceeding pursuant to § 1307(c); and (2) the debtor has acted in bad faith or abused the bankruptcy process. *Id*., at 660. In such limited circumstances, a bankruptcy court in the Fifth Circuit has the discretion to grant the conversion to Chapter 7 and deny the debtor's motion to dismiss. *Id*.

In the present case, the Motion to Dismiss was not filed in response to the Trustee's request to convert the case to a Chapter 7 proceeding. In fact, it was the other way around, as the Trustee filed the Motion to Modify in response to the Debtor's request to dismiss. The Trustee concedes this point, but argues the sequence and timing of the pleadings are "of little significance." (Appellant's Brief, p. 46). This Court disagrees.

As the Fifth Circuit made clear in its ruling, the holding of *In re Jacobsen* was not intended to "run afoul of the principle that a debtor cannot be forced to proceed under Chapter 13." *In re Jacobsen*, 609 F.3d at 661. The narrow exception recognized in *In re Jacobsen* is applicable only in very specific circumstances. It allows a bankruptcy court the discretion to grant an *already pending* motion to convert where, in response thereto, the debtor moves to dismiss. This Court declines to extend the exception where such circumstances are not present.

There was no motion to convert pending when Debtors moved to dismiss the proceeding. Therefore, their right to do so under § 1307(b) was absolute and the Bankruptcy Court did not commit reversible error when it granted the Motion to Dismiss.

In light of the foregoing, this Court finds the Bankruptcy Court's ruling on the Motion for

Redemption and the Motion to Dismiss should be affirmed in all respects.

**IT IS THEREFORE ORDERED** the Bankruptcy Court's order denying the Trustee's Amended Motion for Redemption of the Estate's Interest in Best Landscapes, LLC is hereby **AFFIRMED**.

**IT IS FURTHER ORDERED** the Bankruptcy Court's order granting the Debtors' Motion to Dismiss Chapter 13 Proceeding pursuant to 11U.S.C. § 1307(b) is hereby **AFFIRMED**.

**SIGNED** on July 30, 2015.

ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE